SPANISH BOOK & STATIONERY CO. *v.* UNITED STATES

**No. 4616.**—Invoice dated Mexico City, Mexico, March 29, 1937.
Certified April 3, 1937.
Entered at San Antonio, Tex., April 22, 1937.
Entry No. 71.

(Decided July 6, 1939)

*Davis, Wright & Perales* (*Alonso S. Perales* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville*, special attorney), for the defendant.

TILSON, Judge: The merchandise in this case consists of certain perfumes, face powders, lotions, and other toilet articles imported into the United States at the port of San Antonio, Tex., by the plaintiff herein, from Mexico. The merchandise was invoiced and entered in United States currency at certain unit values, less certain nondutiable

charges, and was appraised on the basis of the foreign-market value in Mexican currency at certain unit values, less 20 per centum, and 5 per centum, packed, tax included for the face powder and lotion, and less 20 per centum, and 10 per centum, packed, tax included for the perfume, which represented an advance over the entered values.

As illustrative of the evidence offered at the trial of this case, I quote the following from the affidavit of Jacinto Martinez Pando, a member of the firm of Jacinto Martinez Pando, S. en C., of Mexico City, Republic of Mexico:

It will be noticed that on the invoice for La Nueva China, of Monterey, we billed the TABU powder at $2.09 (to this firm we make an extra discount of ten percent and for that reason the price is $1.88). On the one for Cabrales Hnos. we billed it at $1.46 and at this same price we billed it to Pablo Fong. On the invoice for Fourtoul Bee & Co., at $2.00 and on the one for Perfumeria "El Asia," S. A. at $1.79. To this last firm we make an extra discount of ten percent and therefore the price is practically $1.611.

It will thus be seen that on five invoices the prices are $1.88, $1.46, $1.46–$2.09 and $1.611. The price at which we billed this same article to The Spanish Book and Stationery Co. is $0.47 U. S. Currency, which at the $3.60 exchange rate is equivalent to $1.692.

Possibly our diversity of prices is not very much in accord with commercial usages of the United States, *but we follow the standard of making prices for each customer, according to whether he buys more or less, whether he pays cash or buys on credit, and we even take into consideration the importance of the establishment where our articles are to be sold.* [Italics mine.]

The evidence is sufficient to establish that the invoiced and entered prices are the prices actually received for this merchandise, but the evidence is not sufficient to overcome the presumption of correctness attaching to the values found by the appraiser, or to establish any other value under the statute. An appeal to reappraisement can be availed of only for the purpose of establishing a value for the merchandise, and not for establishing the honesty and good faith of the importer. The latter is a matter for consideration if and ·when a petition for remission of additional duties is filed.

On the record before me I find the proper foreign-market values of the merchandise in this case to be the appraised values. Judgment will be rendered accordingly.